UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FLORENCE KING, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV-97-S-2956-NE
 )
ALLSTATE INSURANCE COMPANY )
and LOWELL D. STINSON, )
individually, and in his )
capacity as agent of )
Allstate Insurance Company, )
 )
    Defendants. )
 )

FILED
97 DEC 31 PM 3:15

ENTERED
DEC 3 1 1997

## MEMORANDUM OPINION

Plaintiff was involved in a single-car accident on or about May 28, 1997. The vehicle allegedly was insured under a policy issued by Allstate Insurance Company through its agent, Lowell D. Stinson. Allstate refused to pay plaintiff's claim, however, contending the policy had lapsed prior to the accident due to plaintiff's failure to pay premiums.

Plaintiff filed suit against Allstate and Stinson in the Circuit Court of Lawrence County on September 23, 1997, alleging breach of contract and bad faith refusal to pay a valid insurance claim. Defendants removed the case to this court on November 5, 1997, asserting diversity jurisdiction under 28 U.S.C. § 1332. The matter now is before the court on plaintiff's motion to remand for lack of federal subject matter jurisdiction. Upon consideration of the motion, pleadings, briefs, and oral argument of counsel, the court finds that the motion is due to be granted.

7

## I. DISCUSSION

It often is recorded, but just as often as not it is forgot, that federal courts are forums of limited jurisdiction. *E.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, they possess the power to hear only those cases and controversies authorized by Congress or the Constitution. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675 (citation omitted).

Any civil action filed in state court may be removed by the defendant or defendants to federal court if the case could have been originally filed in the federal forum. 28 U.S.C. § 1441(a). A removing defendant bears the burden of proving the existence of federal jurisdiction.

A district court has original jurisdiction over all cases where the controversy is between citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a) & (a)(1). Although the statute does not specify complete diversity of citizenship, it has long been the rule that diversity jurisdiction requires all plaintiffs to be diverse from all defendants.

2

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)(Marshall, C.J.).

## A. Is Diversity Complete?

Plaintiff is a resident of Lawrence County, Alabama. Allstate Insurance Company is a foreign corporation, organized under the laws of the state of Illinois and with its principal place of business in that State. It is undisputed that defendant Stinson is not a diverse party. Stinson's residence and place of business are in Morgan County, Alabama. Allstate therefore asserts that Stinson has been fraudulently joined in order to prevent removal. If this is so, then the court may disregard Stinson's citizenship for the purposes of determining jurisdiction. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).

Where a party alleges fraudulent joinder, that party bears the burden of proving its allegations by clear and convincing evidence. *Coker*, 709 F.2d at 1440; *Yawn v. Southern Railway Co.*, 591 F.2d 312, 316 (5th Cir.), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979).[1] Although the court properly looks to the complaint itself to determine whether or not there has been fraudulent joinder, the court also may resort to additional submissions, such as affidavits, in making its determination. *Coker*, 709 F.2d at 1440. All allegations and submissions must be viewed in the light most favorable to the party opposing removal.

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit held as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

*Id.* Thus, if there is even a possibility that a state court would find that plaintiff's complaint states a cause of action against a resident defendant, the federal court must find that joinder was proper and remand the case to the state court. *Id.* at 1440-1441.

Allstate claims that Stinson's joinder was fraudulent because an insurance agent cannot be held liable under either of plaintiff's theories of recovery: breach of contract or bad faith refusal to pay a valid claim for insurance benefits. This court's review of Alabama law supports Allstate's contention.

In *Pate v. Rollison Logging Equipment, Inc.*, 628 So. 2d 337, 343 (Ala. 1993), the Alabama Supreme Court held that an individual agent of an insurer is not "a party to the insurance contracts and, therefore, should not be liable for the breach of those contracts." Thus, Stinson is not a party to the insurance contract between King and Allstate. That contract provides the sole basis for recovery under Count One of plaintiff's complaint. Accordingly, there is no possibility that plaintiff can recover from Stinson for breach of contract.

Stinson is equally beyond the reach of plaintiff's second claim. Under Alabama law, an <u>insurer</u> may be liable for breaching the duty of fair dealing arising from an underlying insurance contract by refusing to pay an obligation in bad faith. *E.g., Koch v. State Farm Fire & Casualty Co.*, 565 So. 2d 226, 229 (Ala. 1990). Yet, plaintiff does not cite this court to any case law supporting her theory that an <u>insurer's agent</u>, such as Stinson, may be held

4

liable for his principal's refusal to pay when that agent neither was a party to the insurance contract from which the obligation to pay arises nor involved in the decision to deny coverage.[2] This Court accordingly finds that Stinson has been fraudulently joined, and will disregard his citizenship for jurisdictional purposes. Such a finding does not conclude the analysis, however.

### B.  Does the Amount in Controversy Exceed $75,000?

The burden of proving the requisite amount in controversy rests with the removing defendant. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); *Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 403 (M.D. Ala. 1995). Where a plaintiff has specifically claimed <u>less than</u> the jurisdictional amount in her state court complaint, the removing defendant must show to a "legal certainty" that the plaintiff would not recover less than $75,000, if she prevailed. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. ... Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specific demand of damages and signed by a lawyer was due deference and a presumption of truth. ... We concluded the defendant's burden was a "heavy one" and the legal certainty standard was therefore appropriate. ... Any lesser burden would impermissibly expand federal

---

[2] Plaintiff's reliance on *Hunter v. State Farm Fire and Casualty Company, Inc.*, 1997 WL 448580 (Ala.Civ.App. 1997), an unpublished opinion of the Alabama Court of Civil Appeals, is inapposite. In *Hunter*, the court affirmed summary judgment on plaintiff's bad faith claim and reversed on plaintiff's fraud claim against the insurance agent based on alleged misrepresentations made by the agent to plaintiff. Plaintiff makes no allegation of fraudulent misrepresentation in this case.

5

diversity jurisdiction. ...

*Tapscott*, 77 F.3d at 1356 (citing *Burns*, 31 F.3d at 1095-97).

The rule is different in cases where the plaintiff does **not** claim a specific amount of damages in her state court complaint.

> Where a plaintiff has made an **unspecified demand** for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. Nevertheless, a defendant's ability to remove a state case to federal court is not unfettered. The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a preponderance of the evidence standard. As the *Gafford* Court stated:
>
>> It does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. On the other end of the spectrum, requiring the defendant to prove that the amount in controversy "may" meet the federal requirement would effectively force the plaintiff seeking remand to prove in rebuttal that only a relatively small amount of damages is legally possible.
>
> *Gafford*, 997 F.2d at 159 (footnote omitted). Thus, we hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement.

*Tapscott*, 77 F.3d at 1357 (citing *Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993)).

Here, the amount in controversy is not apparent from the face

6

of plaintiff's complaint. She seeks only "the value of the policy plus interests and costs" and "compensatory and punitive damages in an amount that the jury deems just and proper." (Complaint at 2, 3.) Thus, Allstate must prove by a preponderance of the evidence that those demands, if met, more likely than not would yield a recovery in excess of the $75,000 jurisdictional requirement.

Allstate's showing on this point begins with the conclusory assertion that plaintiff "seeks to recover damages in excess of $75,000 ...." (Defendant's Notice of Removal at 1.) Allstate then cites a string of Alabama cases in which plaintiffs alleging bad faith were awarded punitive damages exceeding $75,000. *See, e.g., Standard Plan, Inc. v. Tucker*, 582 So. 2d 1024 (Ala. 1991)(affirming $500,000 verdict for punitive damages in a bad faith action); *Aetna Life Insurance Co. v. Lavoie*, 505 So. 2d 1050 (Ala. 1987)(ordering remittitur of $3.5 million verdict to $3.0 million); *Nationwide Mutual Insurance Co. v. Clay*, 525 So. 2d 1339 (Ala. 1987)(affirming $1.25 million punitive damage award). That presentation falls short of meeting Allstate's burden.

Although Allstate correctly asserts that it may meet its burden by pointing to <u>similar</u> cases which resulted in verdicts for more than the jurisdictional amount,[3] the cases cited by defendant are not sufficiently similar to convince this court that Ms. King's

---

[3] "And screams of horror rend th' affrighted skies." Alexander Pope, *The Rape of the Lock*, canto III, line 153 (1712).

7

claim, more likely than not, is worth more than $75,000.[4] As was pointed out during oral argument, not one of the cases cited by defendant was tried in the Circuit Court of Lawrence County, Alabama, in which this action originally was filed, or even a nearby circuit. None of the cases cited involved facts similar to this action, in which plaintiff seeks compensation for property damage to a 1994 Chevrolet Cavalier automobile, but the insurance carrier denies the claim, allegedly because the policy had lapsed due to plaintiff's failure to pay premiums. Defendant presents no evidence that juries in Lawrence County have ever awarded an amount in excess of $75,000 for a claim similar to Ms. King's, much less that, more likely than not, they would do so in this instance.

The precise amount of plaintiff's actual loss is not altogether clear. During oral argument, both counsel conceded that the car — a 1994 Chevrolet Cavalier — may be a total loss, but neither provided any evidence of the car's cash value at the time of the accident. The only specific evidence of plaintiff's loss is a body-shop estimate in the amount of approximately $3,000. From that scant evidence, only speculation could lead this court to find that, more likely than not, plaintiff would recover more than $75,000 in compensatory and punitive damages in the state court if

---

[4] Allstate cites De Aguilar v. Boeing, 11 F.3d 55 (5th Cir. 1993), for the proposition that presentation of similar case law in which plaintiffs recovered in excess of the jurisdictional amount meets defendant's burden. The Fifth Circuit did not decide the case on that basis, however. Rather, the court held that the jurisdictional amount was facially apparent from claims for "wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses." Aguilar, 11 F.3d at 58. The court does not see the parallel between those causes of action and the present case.

8

she prevailed. Even if this were a closer question, on matters of federal jurisdiction the tie goes to the party opposing removal. *Burns*, 31 F.3d at 1095 ("in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court").

Accordingly, the court finds that defendant has not shown by a preponderance of evidence that plaintiff's recovery, if she prevails, more likely than not will exceed $75,000. Thus, jurisdiction in this court is not proper. Plaintiffs' motion to remand the complaint to state court is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 31st day of December, 1997.

_____
United States District Judge